UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH G. LIGHTFOOT,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | NO.  C15-5314-RBL-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Deborah G. Lightfoot appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 51-year-old woman with a high school diploma and some college education.  Administrative Record ("AR") at 55, 257.  Her past work experience includes employment as an administrative assistant, bus driver, casino cashier, medical clinic case

REPORT AND RECOMMENDATION - 1

1  manager, and prison chaplain.  AR at 257, 289.  Plaintiff was last gainfully employed in March
2  2011.  AR at 54, 257.

3  On November 15, 2013, Plaintiff protectively filed applications for SSI and DIB,
4  alleging an onset date of April 1, 2011.[1]  AR at 75-76, 205-17.  Plaintiff asserts that she is
5  disabled due to cervical cancer, pericardial effusion, depression, anxiety, hypertension,
6  diabetes, anemia, coronary artery disease, and post-traumatic stress disorder ("PTSD").  AR at
7  256.

8  The Commissioner denied Plaintiff's claims initially and on reconsideration.  AR at
9  135-38, 145-55.  Plaintiff requested a hearing, which took place on October 23, 2014.  AR at
10 33-74.  On January 30, 2015, the ALJ issued a decision finding Plaintiff not disabled and
11 denied benefits based on his finding that Plaintiff could perform a specific job existing in
12 significant numbers in the national economy.  AR at 11-27.  Plaintiff's administrative appeal of
13 the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the
14 "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On May
15 11, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision.
16 Dkt. 1, 3.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to January 1, 2013.  AR at 37, 42.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Lightfoot bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§

REPORT AND RECOMMENDATION - 3

404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On January 30, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through June 30, 2016.

2. The claimant has not engaged in substantial gainful activity since January 1, 2013, the amended alleged onset date.

3. The claimant's insulin-dependent diabetes mellitus, major depressive disorder, PTSD, and thyroid disorder are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). She can lift and/or carry 20 pounds occasionally and 10 pounds frequently in an eight-hour workday. She can stand and/or walk for six hours and sit for six hours in an eight-hour workday. She can frequently climb, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to vibration and hazards. She can perform simple routine tasks. She can have occasional superficial interaction with the public. She can have few, if any, changes in work routine or setting.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

8. The claimant has not been under a disability, as defined in the Act, from January 1, 2013, through the date of this decision.

AR at 13-27.

VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting the opinions of examining psychologist Curtis Greenfield, Psy.D.;

2. Whether the ALJ erred in discounting the July 2014 opinion of treating therapist Brendalin Rios, MSW;

3. Whether the ALJ erred in discounting Plaintiff's credibility; and

4. Whether the ALJ erred in assessing Plaintiff's RFC.

Dkt. 11 at 1-2.

VII.   DISCUSSION

A.   <u>The ALJ Erred in Assessing Dr. Greenfield's Opinions.</u>

Dr. Greenfield examined Plaintiff in January 2014 and completed a DSHS form evaluation, summarizing her symptoms and limitations. AR at 752-56. Dr. Greenfield rated most of Plaintiff's cognitive and social limitations as either "no limitation" or "mild," but rated her ability to adapt to changes in a routine work setting, complete a normal workday/workweek without interruptions from her symptoms, and maintain appropriate behavior in a work setting as "moderate." AR at 754. Dr. Greenfield rated Plaintiff's Global Assessment of Functioning ("GAF") score as 55, and opined that her highest GAF score over the past year was 65. *Id*.

Dr. Greenfield examined Plaintiff a second time, three months later, and completed another DSHS form opinion. AR at 937-41. Dr. Greenfield rated Plaintiff as significantly more functionally limited in April 2014 when compared to January 2014. *See* AR at 939. At this time, Dr. Greenfield rated Plaintiff's GAF score as 32, and stated that her highest GAF score of the past year was 43. Dr. Greenfield's second opinion does not reference his prior opinion.

The ALJ summarized Dr. Greenfield's findings and gave "some weight" to them. AR

REPORT AND RECOMMENDATION - 6

at 23-24.  The ALJ found that Dr. Greenfield's second opinion "likely reflected a recent exacerbation of her mental health symptoms due to significant situational stressors in her life." AR at 23-24.  The ALJ also noted that subsequent treatment records "showed that [Plaintiff's] symptoms drastically improved with proper treatment."  AR at 24.

      1.    *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751.  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).  "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her conclusions.  "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and

REPORT AND RECOMMENDATION - 7

convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

    2.    *The ALJ's Reasons to Discount Dr. Greenfield's Opinions are Not Legitimate*

Plaintiff argues that the ALJ's reasons for discounting Dr. Greenfield's second opinion are not specific and legitimate, because, as the ALJ's own summary of the medical evidence demonstrates, Plaintiff did not experience an isolated exacerbation, nor was her condition caused only by situational stressors. Dkt. 11 at 4. According to Plaintiff, "even [the ALJ's] summary of the evidence demonstrates that [her] symptoms remained consistent and unchanged throughout the relevant time period." Dkt. 11 at 6.

The Commissioner notes ways in which the ALJ acknowledged the exacerbation of Plaintiff's symptoms in early 2014, and also noted that Plaintiff reported significant stress caused by concerns related to her finances, health, and housing. Dkt. 15 at 3-4. The Commissioner also cited the ALJ's findings as to Plaintiff's improvement with medication. Dkt. 15 at 4 (citing AR at 22, 699, 777, 790, 840, 1082, 1134, 1159-60, 1163, 1180, 1193, 1237-38, 1343, 1366).

On reply, Plaintiff points to evidence in the record showing that she did not experience "overall" improvement with medication (Dkt. 16 at 2-3), which the Commissioner also appears to acknowledge. Dkt. 15 at 5 ("[A]lthough Plaintiff did not demonstrate sustained improvement following her deterioration . . ."). The Commissioner's defense appears to be that even if Plaintiff did not generally improve with medication, the small improvements she did experience constitute substantial evidence to support the ALJ's interpretation. But the ALJ characterized Plaintiff's improvement as "dramatic[]", and found that there was "no indication that her condition will not stabilize within 12 months as previously shown." AR at 22. The

REPORT AND RECOMMENDATION - 8

Commissioner's position, as well as the evidence, is therefore at odds with the ALJ's stated reasoning.

Furthermore, the ALJ's stated reasoning also explicitly speculates as to the cause of the exacerbation Plaintiff experienced in 2014. AR at 22 (finding that the exacerbation was "likely due to situational stressors"). Dr. Greenfield did not attribute Plaintiff's limitations to situational stressors; instead, he described many of her symptoms as recurring for years. AR at 938.

Therefore, because the ALJ's reasons for discounting Dr. Greenfield's opinions are not legitimate and not based on a reasonable interpretation of the evidence, the Court cannot affirm the ALJ's assessment of Dr. Greenfield's opinions. On remand, the ALJ shall reconsider Dr. Greenfield's opinions and either credit them or provide specific and legitimate reasons to discount them.

B.    The ALJ Erred in Assessing Ms. Rios's Opinion.

Ms. Rios completed a medical source statement, rating Plaintiff's functional limitations in a checkbox form, in July 2014, after seeing Plaintiff twice. AR at 1126-28. Ms. Rios noted that

> [b]ased on [Plaintiff's] reports she may not be able to work with certain gender and ethnicity as it could trigger negative recollection of memories that could cause her distress, anxiety, fear, depression, and possible panic attacks. Based on my clinical judgment and the client's reports, I am able to determine some moderate and marked abilities in the questionnaire.

AR at 1128.

The ALJ summarized Ms. Rios's opinion as to Plaintiff's functional limitations. AR at 24. The ALJ noted that Ms. Rios is not an "acceptable medical source" for purposes of providing a medical opinion. AR at 24. The ALJ also noted that Ms. Rios explicitly attributed some of her conclusions to Plaintiff's self-report. *Id.* Finally, the ALJ found that Ms. Rios's

REPORT AND RECOMMENDATION - 9

opinion was rendered during a time when Plaintiff's symptoms were exacerbated, and therefore did not reflect her "functioning when she is stabilized with treatment." *Id.*

1. *Legal Standards*

In order to determine whether a claimant is disabled, an ALJ may consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). This is particularly true for such non-acceptable medical sources as nurses and medical assistants. *See* Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006) (noting that because such persons "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists," their opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

2. *The ALJ Did Not Provide Germane Reasons*

That Ms. Rios is not an acceptable medical source is not an independent reason to discount her opinion. And that she attributed any potential limitations in Plaintiff's working with certain genders or ethnicities to Plaintiff's self-report does not address the ratings that constitute the bulk of Ms. Rios's opinion. AR at 1126-28. Indeed, Ms. Rios specifically attributed her opinion as to Plaintiff's functional limitations to a combination of Plaintiff's self-report as well as Ms. Rios's own "clinical judgment." AR at 1128. Although the

REPORT AND RECOMMENDATION - 10

Commissioner argues that the ALJ was entitled to discount an opinion based "to a large extent" on a claimant's self-reports, Ms. Rios's description of the foundation of her opinion does not indicate that Plaintiff's self-report constituted "a large extent" of that foundation. *See* Dkt. 15 at 6 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

The Commissioner also defends the ALJ's final reason as to Ms. Rios's opinion on the same grounds as applied to Dr. Greenfield's opinions, but that defense is not persuasive for the same reasons described above. The record does not contain substantial evidence showing that Plaintiff's condition could be reasonably described as "stable" even with treatment, and the "exacerbation" of symptoms at the time of Ms. Rios's opinion reflected a consistent pattern of her symptoms waxing and waning. On remand, the ALJ shall reconsider Ms. Rios's opinion and either credit it or provide germane reasons to discount it.

C.   <u>The ALJ Erred in Assessing Plaintiff's Credibility.</u>

The ALJ discounted Plaintiff's credibility because (1) the medical evidence showed that her physical impairments would not preclude light work activity, and her mental symptoms were exacerbated due to situational stressors and improved "dramatically" with medication management; (2) the medical evidence shows that Plaintiff retains the cognitive skills to perform simple, routine tasks; (3) Plaintiff's activities are not consistent with her allegations of problems focusing and leaving her home; and (4) Plaintiff has not always complied with recommended treatment. AR at 21-23. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit.

1.   *Legal Standards*

As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony

REPORT AND RECOMMENDATION - 11

1  requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR
2  96-7p, 1996 WL 374186 (Jul. 2, 1996).  First, the ALJ must determine whether there is a
3  medically determinable impairment that reasonably could be expected to cause the claimant's
4  symptoms.  20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p.
5  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not
6  discredit the claimant's testimony as to the severity of symptoms solely because they are
7  unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir.
8  1991) (en banc); *Reddick*, 157 F.3d at 722.  Absent affirmative evidence showing that the
9  claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the
10 claimant's testimony.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

11 When evaluating a claimant's credibility, the ALJ must specifically identify what
12 testimony is not credible and what evidence undermines the claimant's complaints; general
13 findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may
14 consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness,
15 inconsistencies in testimony or between testimony and conduct, daily activities, work record,
16 and testimony from physicians and third parties concerning the nature, severity, and effect of
17 the symptoms of which he complains.  *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec.*
18 *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

19        2.    *The ALJ's Credibility Findings Contain Error*

20 Plaintiff argues that the ALJ erred in discounting her credibility based on her daily
21 activities, because contrary to the ALJ's summary of the evidence, she was not able to
22 consistently manage her activities of daily living.  Dkt. 11 at 11.  The ALJ, however, cited
23 specific discrepancies between Plaintiff's allegations and her self-reported activities.  AR at
24 22-23 (citing AR at 279-80, 752-53, 1111, 1389-90, 1401).  This is a proper credibility finding.

REPORT AND RECOMMENDATION - 12

*See Orn*, 495 F.3d at 639 (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

But other parts of the ALJ's adverse credibility determination are erroneous, for reasons explained above in relation to the opinions of Dr. Greenfield and Ms. Rios.  The ALJ erred in interpreting the evidence to show that Plaintiff's condition was temporarily exacerbated by situational stressors and stabilized on medication.  AR at 22.  Accordingly, on remand, the ALJ will reconsider this evidence and the adverse credibility determination.

In light of the ALJ's errors as described above, the ALJ must reconsider the opinions of Dr. Greenfield and Ms. Rios, and reevaluate Plaintiff's credibility and RFC.[3]

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 14, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they

---

[3] Plaintiff also argues that the ALJ erred in failing to account for all parts of the State agency opinions, which the ALJ credited. Dkt. 11 at 13.  The State agency consultants opined that although Plaintiff would have some interruptions in her sustained concentration and persistence, she could nonetheless persist in a competitive work setting. AR at 97, 128.  Plaintiff argues that the consultants' conclusion is outside their area of expertise, as a vocational opinion, but Plaintiff is mistaken. Whether the record shows that a claimant can persist in a work setting with a particular set of limitations does not reflect a vocational opinion.  The consultants' opinion is well within their expertise as "highly qualified . . . experts in the evaluation of the medical issues in disability claims under the Act."  SSR 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996).  Accordingly, Plaintiff has not identified error in the ALJ's assessment of the State agency opinions, and the ALJ need not reevaluate those opinions on remand.

are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 18, 2016**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 29th day of February, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 14